John S. Leonardo
United States Attorney
District of Arizona
405 W. Congress, Suite 4800
Tucson, Arizona 85701-5040
Telephone (520) 620-7300

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>         v.<br>Eliseo ~~GOMEZ-Martinez~~ *Gonzalez - Rea* | *16·28043 M*<br><br>PLEA AGREEMENT<br>(Flip-Flop)<br><br><br>**Fast Track 5K3.1** |
| Defendant | |

The Parties enter into the following agreement:

1.  Defendant will enter a plea to Count 2 of the complaint, Alien Eluding Examination and Inspection by Immigration Officers of the United States, a misdemeanor offense, in violation of Title 8, United States Code, Section 1325. This plea will occur no later than the time set for the detention hearing/preliminary hearing.

2.  The government will dismiss Count 1 of the complaint, Illegal Re-Entry After Deportation, a felony, in violation of Title 8, United States Code, Section 1326(a) and (b)(2). This charge, if proven, carries a maximum sentence of twenty (20) years imprisonment, $250,000 fine, (3) three years supervised release and a $100 special assessment. The government will dismiss this charge at the time of sentencing.

3.  The maximum penalties for the offense to which I am pleading are six (6) months in custody, and a $5,000 fine. The government agrees to waive the $10.00 special assessment.

- 1

4. Pursuant to this plea agreement, the government and the defendant stipulate and agree to a sentence of  180  days of imprisonment which will commence at the time of plea and sentencing. Defendant is to receive credit for all time he/she has served to date and shall be deducted from the stipulated sentence.

5. The parties waive a Pre-Sentence Report and agree that sentencing will occur on the date of the change of plea.  The defendant understands and agrees that this plea agreement contains all terms, conditions, and stipulations regarding sentencing.  If the court departs from the terms and conditions set forth in this plea agreement, either party may withdraw.

6. Provided the defendant receives a sentence in accordance with this agreement, the defendant waives any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the complaint or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement.  The sentence is in accordance with this agreement if the sentence imposed is within the stipulated sentence of imprisonment.  The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under 18 U.S.C. § 3742 (sentence appeals); (3) any right to collaterally attack defendant's conviction and sentence under 28 U.S.C. § 2255, or any other collateral attack; and (4) any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case.  If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of 'prosecutorial misconduct' (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

- 2

7. If the defendant was on supervised release at the time the present offense was committed, the government may withdraw from the plea agreement.

8. The elements of Improper Entry By an Alien are as follows:

    (a) The Defendant, an Alien

    (b) Entered or attempted to enter the United States,

    (c) At any time or place other than as designated by immigration officer

9. If the defendant entered the United States at a place outside the jurisdiction of this court, the defendant agrees to waive his/her right to raise a challenge based on improper venue under 8 U.S.C. 1329 in order to permit the court to accept his guilty plea and sentence the defendant in accordance with this plea agreement.

10. The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if the defendant is a recently naturalized United States citizen or is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Although there may be exceptions, the defendant understands that the defendant's guilty plea and conviction for this offense make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. The defendant agrees that he/she has discussed this eventuality with his/her attorney. The defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that this plea entails, even if the consequence is the defendant's automatic removal from the United States.

## 11.  Factual Basis for Plea:

I, Eliseo GOMEZ-Martinez, am a citizen of Mexico. On or about September 18, 2016, I was found in the District of Arizona at or near Nogales, Arizona. As evidenced by my illegal presence in the District of Arizona, I further admit that I entered the United States from the Republic of Mexico on or about September 18, 2016 at or near Nogales, Arizona at a time and place other than as designated by Immigration Officers of the United States.

Dated this 20th day of _____September_____, 2016.

_____Gonzalez Rea Eligio_____
Eliseo GOMEZ-Martinez
Defendant


_____
Defense Counsel


John S. Leonardo
United States Attorney
District of Arizona

Special Assistant U.S. Attorney

- 4